IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| Josand Farmer, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. 0:18-cv-03604-TMC |
| v. | ) | |
| | ) | **ORDER** |
| Warden Antonellie, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Josand Farmer, a federal prisoner proceeding *pro se*, filed this action pursuant to 28 U.S.C. § 2241, seeking relief from his sentence. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this case was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that this court dismiss the Petition without prejudice and without requiring Respondent to file a return. (ECF No. 7). The magistrate judge notified Petitioner of his right to file objections to the Report, *id.* at 5, and Petitioner filed timely objections (ECF No. 9).

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*,

1

687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Since Petitioner has filed this Petition *pro se*, this court is charged with construing the Petition liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal citations omitted); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, this does not mean that the court can ignore the Petitioner's failure to allege facts that set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## I. BACKGROUND/PROCEDURAL HISTORY

The magistrate judge set forth the facts in her Report. (ECF No. 7). Briefly, on March 24, 2011, a jury found Petitioner guilty of the following charges: (1) conspiracy to distribute fifty or more grams of cocaine, one kilogram of phencyclidine (PCP), and a quantity of 3, 4 Methylenedioxymethamphetamine (MDMA) (count one); (2) aiding and abetting the distribution of five grams or more of cocaine base (count three); and (3) aiding and abetting the distribution of a quantity of cocaine base (count seven). (ECF No. 1-1 at 1). Petitioner was sentenced on September 26, 2011, in the Eastern District of North Carolina.[1] (ECF No. 1 at 1).

Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in November 2012, *id.* at 4, and such motion was denied in December 2013, *Farmer v. United States*, No. 5:10-CR-271-FL-3, 2013 WL 6799977 (E.D.N.C. Dec. 20, 2013). Petitioner appealed, and the Fourth Circuit Court of Appeals dismissed the appeal. *United States v. Farmer*, 576 Fed. App'x 245 (4th Cir. 2014). The Supreme Court of the United States denied Petitioner's

---

[1] The Fourth Circuit Court of Appeals affirmed this conviction and sentence on June 5, 2012. *United States v. Farmer*, 482 Fed. App'x 805 (4th Cir. 2012).

petition for writ of certiorari on February 23, 2015. *Farmer v. United States*, 135 S. Ct. 1437 (2015). Petitioner contends that he later filed a motion pursuant to 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive § 2255 motion premised on the contention that he no longer qualified as a career offender in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and that such motion was granted.[2] (ECF No. 6 at 4).

On September 27, 2017, Petitioner filed a habeas petition with this court pursuant to § 2241, asserting actual innocence and claiming that his sentence included an improper enhancement. *Farmer v. Ramirez*, No. 0:17-cv-02614-TMC (Sept. 27, 2017) (Docket entry 1 at 6–7). The undersigned denied that habeas petition on December 12, 2017. *Farmer v. Ramirez*, No. 0:17-2614-TMC, 2017 WL 634501 (D.S.C. Dec. 12, 2017). Petitioner appealed, and the Fourth Circuit dismissed his appeal. *Farmer v. Ramirez*, 712 Fed. App'x 270 (4th Cir. 2018). However, the Fourth Circuit Court of Appeals subsequently clarified the test for when § 2255 is inadequate and ineffective to test the legality of a sentence, allowing a defendant to "pass through the savings clause portal" and bring his claim pursuant to § 2241. *United States v. Wheeler*, 886 F.3d 415, 429–434 (4th Cir. 2018). Accordingly, the Fourth Circuit granted a panel rehearing in Petitioner's case. At that rehearing, in applying the *Wheeler* test, the Fourth Circuit held that Petitioner had not shown a sentencing error "premised on a change in settled substantive law" and concluded that his claims could have been "raised on direct appeal." *Farmer v. Rarmirez*, 732 Fed. App'x 222, 222 (4th Cir. 2018). Accordingly, the Fourth Circuit dismissed the petition. *Id.*

---

[2] The court has been unable to locate any such ruling granting Petitioner leave to file a successive § 2255 motion. However, the court does note that in October 2016, the Fourth Circuit Court of Appeals held that the District Court for the Eastern District of North Carolina lacked jurisdiction to rule on the merits of Petitioner's motion to correct error in his presentence investigation report and judgment because such motion was essentially a successive § 2255 motion that the Fourth Circuit had not authorized. *United States v. Farmer*, 669 Fed. App'x 674 (4th Cir. 2016).

Thereafter, Petitioner filed a second habeas petition pursuant to § 2241, challenging both his conviction and sentence and arguing that the trial judge improperly calculated the illegal substances attributable to Petitioner and that his sentence was enhanced on a non-existent prior conviction. *Farmer v. Antonelli*, No. 0:18-cv-1922-TMC, 2018 WL 4767240, at *1 – 2 (D.S.C. Oct. 3, 2018). Finding that Petitioner failed to show that a § 2255 motion was inadequate or ineffective to test the legality of his sentence and conviction, the court dismissed the petition without prejudice for lack of jurisdiction. *Id.* at *1 – 5. Petitioner appealed this decision, and the Fourth Circuit affirmed. *Farmer v. Antonelli*, 746 Fed. App'x 268 (4th Cir. 2018).

On December 28, 2018, Petitioner filed the instant Petition for writ of habeas corpus pursuant to § 2241, asking the court to vacate his current sentence and remand for resentencing. (ECF No. 1 at 9). In this Petition, Petitioner asserts that he was sentenced according to an improper mandatory minimum under the 2010 Sentencing Guidelines and that he did not get the benefit of the Fair Sentencing Act of 2010 being sentenced after the Act's passing. *Id.* at 8.

## II. DISCUSSION

The magistrate judge recommends that the Petition be dismissed because Petitioner has not shown that his challenges to his sentence and conviction rely on a change in substantive law, and, therefore, has not satisfied the § 2255 savings clause to seek relief under § 2241. (ECF No. 7 at 4). Petitioner filed objections to the Report, but rather than containing specific objections to the magistrate judge's findings of fact and conclusions, Petitioner's objections largely restated his claims or were nonresponsive to the Report. (ECF No. 9). However, Petitioner did specifically object to the magistrate judge's determinations that he has not satisfy the requirements of the § 2255 savings clause and that he has not sufficiently met the test in *Wheeler*. *Id.*

The magistrate judge correctly noted in her Report that in order for a petitioner to challenge his federal conviction or sentence under § 2241, he must show, under the "savings clause" of § 2255(e), that a § 2255 motion is "inadequate or ineffective to test the legality of his detention." § 2255(e). The savings clause is a "jurisdictional provision," and, accordingly, this court is without jurisdiction to rule on a § 2241 petition if such a showing is not made. *United States v. Wheeler*, 886 F.3d 415, 423 (4th Cir. 2018); *see also Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010).

It is well-settled that in order to demonstrate that a § 2255 motion is inadequate and ineffective to test the legality of a *conviction*, a petitioner in this circuit must show that:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
> (2) subsequent to the [petitioner's] direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). Recently, in *Wheeler*, the Fourth Circuit extended *Jones* to challenges of "fundamental sentencing errors." *Wheeler*, 886 F.3d at 428. In doing so, the Fourth Circuit set forth a new savings clause test for when a petitioner challenges his sentence. *Id.* at 429. Accordingly, pursuant to *Wheeler*, a § 2255 motion is inadequate and ineffective to test the legality of a *sentence* when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
> (2) subsequent to a petitioner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

5

*Id.* As such, in challenging his sentence, a petitioner must initially show that there has been a change in the substantive law since his conviction or sentence that has affected the legality of his conviction or sentence. *See id.*; *Jones*, 226 F.3d at 333–334.

Here, Petitioner was sentenced in 2011, after the Fair Sentencing Act was passed. (ECF No. 1 at 8). Therefore, Petitioner's claims that he was sentenced under an outdated sentencing guideline or that he was not afforded the benefits of the Fair Sentencing Act could have been challenged at the time he was sentenced and on direct appeal. Therefore, Petitioner has failed to show that there was a change in the substantive law since his sentence that affects the legality of his sentence. Still, Petitioner seems to contend that *Wheeler* has changed the substantive law regarding mandatory minimum sentences being challenged pursuant to § 2241. (ECF No. 9 at 1 - 2). However, while *Wheeler* did provide a new test to determine when a § 2255 motion is inadequate or ineffective to challenge a prisoner's sentence, no part of *Wheeler* has indicated a change to settled substantive law that would affect the *legality* of Petitioner's sentence.

After thoroughly combing the record and liberally construing the Petition, the court finds that Petitioner has failed to establish that his claims involve a substantive change to settled law that would now make his conviction or sentence unlawful. Accordingly, Petitioner has not satisfied the savings clause of § 2255(e), and, therefore, is precluded from challenging his federal conviction and sentence under § 2241. As a result, the court overrules Petitioner's objections.

### III. CONCLUSION

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court adopts the Report (ECF No. 7). Accordingly, the Petition (ECF No. 1) is **DISMISSED without prejudice and without requiring Respondent to file a return.**

6

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that this constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>
United States District Judge

Anderson, South Carolina
April 3, 2019